# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| James Edward Clapsaddle,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Marcela Quezada, et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-02280-APG-BNW<br><br>**SCREENING ORDER** |

Pro se plaintiff filed an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a), but it is not on the correct form, as required by the Local Rules. LSR1-1. In addition, based on the information provided, it not clear that Plaintiff cannot prepay fees or costs or give security for them. Accordingly, this Court will deny his request to proceed *in forma pauperis* without prejudice and will allow him to re-submit his request on the correct form that will be provided to him. This Court now screens his complaint.

I.　　ANALYSIS

　　**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Here, Plaintiff provides no factual allegations to substantiate the causes of action he wishes to assert. As such, even liberally construing his complaint, this Court cannot determine whether he can state a claim.

In addition, "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship;

each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, it is not clear how the amount in controversy exceeds the $75,000 minimum that would give this Court jurisdiction over the matter. Plaintiff provides no basis to arrive at the conclusion that the amount in controversy will be met.

### C. Amendment

If Plaintiff chooses to amend, he must read this order carefully and address the current deficiencies. This includes: providing specific facts under each cause of action he wishes to assert and explain which defendant(s) is responsible for the claimed allegations and providing facts to support the amount in controversy exceeds $75,000.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serve any function in this case. The Court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

Lastly, Plaintiff is advised that, should there not be jurisdiction in federal court, he can always file a complaint in Nevada state court.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court must send to Plaintiff the court-approved *in forma pauperis* form for non-incarcerated plaintiffs.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

//

//

//

//

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend. **If Plaintiff chooses to file an amended complaint, he must do so by December 29, 2025, or this Court may recommend that his case be dismissed.**

DATED: November 21, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE