# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| James Edward Clapsaddle, | Case No. 2:25-cv-02280-APG-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT and RECOMMENDATION** |
| Marcela Quezada, et al., | |
| Defendants. | |

Before this Court is pro se Plaintiff's renewed application to proceed *in forma pauperis*. ECF No. 6. He has submitted the declaration required by 28 U.S.C. § 1915(a)(2) showing an inability to prepay fees and costs or give security for them. *Id*. As a result, his request to proceed *in forma pauperis* will be granted. This Court next screens his amended complaint at ECF No. 6-1.

## I.    ANALYSIS

### A.  Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the complaint**

As this Court explained in its previous screening order, "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

This Court has no jurisdiction over this case. Diversity jurisdiction is lacking as all parties are citizens of Nevada. And there is no federal question jurisdiction as all claims arise out of Nevada state statutes.

As a result, this Court recommends that the case be dismissed without leave to amend, and with leave for plaintiff to file his case in state court.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 6-1).

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be dismissed without leave to amend.

DATED: January 15, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE